**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4887**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

RICARDO JOHN LISPSCOMB,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:10-cr-00448-CCE-9)

Submitted:  September 7, 2012    Decided:  September 12, 2012

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert A. Broadie, CAROLINA LEGAL SOLUTIONS, High Point, North Carolina, for Appellant. Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricardo John Lispscomb appeals the 120-month sentence imposed after he pleaded guilty to conspiracy to distribute cocaine base. Lispscomb argues that the district court procedurally erred in failing to give sufficient reasoning in denying an objection to the presentence report (PSR) at sentencing. He also contends that he withdrew from the conspiracy while he was serving a period of probation and therefore it was procedural error to add two criminal history points for committing the offense while serving a criminal justice sentence. Finding no error, we affirm.

Lispscomb pleaded guilty to count one of the indictment against him charging him with conspiracy to distribute 280 grams or more of cocaine base from January 2007 to November 30, 2010. The minimum sentence was ten years. The PSR determined that Lispscomb did not qualify for the safety valve provision because he had four criminal history points. One point was assessed at paragraph 71 for possession of drug paraphernalia, which resulted in a six-month sentence of unsupervised probation. One point was assessed in paragraph 72 for misdemeanor possession of drug paraphernalia, which Lispscomb pleaded guilty to and received a prayer for judgment continued. Because the conviction in paragraph 71 occurred during the conspiracy, the PSR assessed two additional criminal

2

history points under United States Sentencing Guidelines Manual § 4A1.1(d) (2010).

At sentencing, the district court struck paragraph 72 from the PSR. The court still found that because of the conviction in paragraph 71, the two additional criminal history points were valid and the total number of criminal history points was three, category II. Counsel for the defendant argued that the Government had to prove that Lispscomb participated in the conspiracy while he was on unsupervised probation, which was from March to September 2009. Although Lispscomb argued that he was not involved in the conspiracy while on unsupervised release, counsel contended, and stated several times, that "[w]e're not arguing that he withdrew from this conspiracy." Counsel further stated, "this is not a withdrawal issue, it is an issue of whether he committed any part of the instant offense while on probation during that six month period of time." If he did not participate in the conspiracy during his probation period, the additional two criminal history points under USSG § 4A1.1(d) could not be included. The Government argued that once a conspiracy is shown to exist, the defendant is deemed part of the conspiracy unless he affirmatively communicates his withdrawal.

With a total offense level of 29 and criminal history category II, the Sentencing Guidelines range was the statutory

minimum. The district court denied Lispscomb's objection to the additional two criminal history points attributed because the conspiracy offense occurred during Lispscomb's probation. The court stated, "while I understand your argument on Paragraph 75 and the probation, I don't think it's correct so I'm going to leave Paragraph 75 as part of the presentence report and leave those two points there." The court imposed the 120-month minimum sentence.

We review a sentence imposed by the district court for reasonableness "under a deferential abuse of discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. Lispscomb contends that his sentence is procedurally unreasonable.

In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's Guidelines range, treated the Guidelines as mandatory, considered the 18 U.S.C.A. § 3553(a) (West 2006 & Supp. 2012) sentencing factors, selected a sentence based on clearly erroneous facts, or failed to explain sufficiently the selected sentence. Id. at 49-51.

On appeal, Lispscomb argues that the district court procedurally erred in failing to give sufficient reasoning in

4

denying the objection. Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure requires a district court "-for any disputed portion of the presentence report or other controverted matter- [to] rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." The purpose of the rule "is to ensure that a record is made as to how the district court ruled on any alleged inaccuracy in the PSR." United States v. Walker, 29 F.3d 908, 911 (4th Cir. 1994). We conclude that the district court's ruling was sufficient under Rule 32(i)(3)(B).

Lispscomb's theory below is that the Government had to prove that he committed an overt act while he was on probation. On appeal, he has transformed this issue into an argument that he withdrew from the conspiracy and the distribution in 2010 was part of a different conspiracy. He argues in his reply brief that his waiver at the sentencing hearing was merely an indication that he was not contesting his participation in the conspiracy as a whole, so that he would not lose acceptance of responsibility points. He suggests that counsel's comments that Lispscomb was not arguing withdrawal was only recognition that he did not make a verbal statement withdrawing from the conspiracy.

After reviewing the sentencing transcript, it appears that Lispscomb explicitly waived the withdrawal argument at the sentencing hearing, affirmatively stating that he was not arguing abandonment or withdrawal, just that he was not active in the conspiracy from March to October 2009. The Defendant's explicit waiver waives any potential issue that may be raised on appeal. See United States v. David, 83 F.3d 638, 641 n.1 (4th Cir. 1996).

However, even considering the abandonment issue, Lispscomb did not meet his burden to prove that he withdrew. Withdrawal from a conspiracy "requires the defendant to take affirmative actions inconsistent with the object of the conspiracy and communicate his intent to withdraw in a manner likely to reach his accomplices." United States v. Cardwell, 433 F.3d 378, 391 (4th Cir. 2005) (citation omitted); see United States v. Walker, 796 F.2d 43, 49 (4th Cir. 1986). Once it has been established that a defendant has participated in a conspiracy, the defendant's membership in a conspiracy is presumed to continue until he withdraws from the conspiracy by affirmative action. Withdrawal must be shown by evidence that the defendant acted to defeat or disavow the purposes of the conspiracy. United States v. West, 877 F.2d 281, 289 (4th Cir. 1989).

The evidence shows that Lispscomb joined the conspiracy in 2007 and distributed drugs in 2007. He was inactive until 2010, when he again distributed drugs. Although he may not have committed an overt act furthering the conspiracy during his period of probation, each member of the conspiracy is not required to commit an overt act to be found guilty of conspiracy so long as at least one member commits an act. See Cardwell, 433 F.3d at 391. Lispscomb's relocation and employment in 2009 does not constitute affirmative action to defeat or disavow the conspiracy, particularly in light of his return to it. See West, 877 F.2d at 289. We determine that there is insufficient evidence to demonstrate that Lispscomb withdrew from the conspiracy prior to his probation in 2009.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7